IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DEBORAH TODD-SMITH                                            PLAINTIFF

V.                                      NO. 15-2075

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration          DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Deborah Todd–Smith, brings this action pursuant to 42 U. S.C. §405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for supplemental security income (SSI) under the provisions of Title XVI of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. §405(g).

## I.      Procedural Background:

Plaintiff protectively filed her current application for SSI on January 29, 2007, alleging an inability to work since January 1, 1997, due to spinal problems, back, legs, knees, and toe problems. (Tr. 96-98, 109, 112). An administrative hearing was held on November 18, 2008, at which Plaintiff appeared with counsel and testified. (Tr. 4-42). On March 5, 2009, the ALJ issued an unfavorable decision. (Tr. 47-56).   On March 6, 2012, the undersigned entered judgment affirming the ALJ's decision. Todd-Smith v. Colvin, No. 11-2029 (Doc. 14). On January 4, 2013, the Eighth Circuit Court of Appeals reversed and remanded the matter, id. at Doc. 19, and on February 25, 2013, the undersigned entered

Judgment in accordance with the Eighth Circuit's decision. Id. at Doc. 21. On February 11, 2014, the Appeals Council entered an Order remanding the case to the ALJ, directing the ALJ to consider the additional evidence submitted with the subsequent claim, and stating that the ALJ may wish to obtain the testimony of a medical expert to address the issues of onset of disability prior to July 31, 2009. (Tr. 572).   The Appeals Council noted that in a subsequent application, Plaintiff was found disabled on May 6, 2012, with a disability onset date of July 31, 2009. Therefore, the ALJ's decision in this case will adjudicate the time period from January 29, 2007 to July 31, 2009. (Tr. 506). Another hearing was held before the ALJ on August 21, 2014, at which Plaintiff appeared with counsel and testified. (Tr. 536-554).

By written decision dated January 16, 2015, the ALJ found that during the relevant time (January 29, 2007 – July 31, 2009), Plaintiff had an impairment or combination of impairments that were severe – disorder of the back, obesity, chronic pain syndrome, depression adjustment disorder, and attention deficit hyperactivity disorder (ADHD). (Tr. 509). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 509). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 416.967(a) except the claimant is able to occasionally climb ramps and stairs, never climb ropes, scaffolds or ladders, and occasionally balance, stoop, kneel, crouch and crawl. In addition, the claimant is able to perform work where interpersonal contact is incidental to the work performed; complexity of tasks is learned and performed by rote, with few variables and little judgment; and supervision required is simple, direct and concrete.

(Tr. 510).  With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, there were jobs Plaintiff would be able to perform, such as production assembler, document preparer, and escort vehicle driver. (Tr. 517).

Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 14, 15).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.    Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. § 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her RFC. See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. § 416.920, abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. § 416.920.

III.   **Discussion:**

In the Eighth Circuit opinion, the Court found the ALJ did not give any specific reasons for discounting Plaintiff's credibility, and that the ALJ's RFC assessment and

4

hypothetical to the VE did not contain many of the mental limitations set out by the doctors. (Tr. 567-568).  Although the undersigned believes the ALJ addressed these factors in his decision, the Court finds it necessary to remand this matter to the ALJ because he failed to indicate what weight, if any, he gave to the opinions of Plaintiff's treating physicians, Dr. Terry Hoyt and Dr. Danny Silver, who both indicated Plaintiff had severe limitations. (Tr. 165, 643).  The ALJ indicated he gave substantial weight to the opinions of the physicians who opined regarding Plaintiff's mental impairments, but did not discuss what weight, if any, he gave to the opinions of Plaintiff's treating physicians regarding Plaintiff's physical impairments. The Eighth Circuit has repeatedly held that "[a] treating physician's opinion 'should be granted controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record.'" Nowling v. Colvin, No.14-2170, 2016 WL 690821 at *9 (8th Cir. Feb. 22, 2016)(quoting Miller v. Colvin, 784 F.3d 472, 477 (8th Cir. 2015) and Cunningham v. Apfel, 222 F.3d 496, 502 (8th Cir. 2000)). It is true that an ALJ may discount or disregard a treating physician's opinion, where "other medical assessments are supported by superior medical evidence, or if the treating physician has offered inconsistent opinions." Hogan v. Apfel, 239 F.3d 958, 961 (8th Cir. 2001)(quoting Prosch v. Apfel, 201 F.3d 1010, 1013 (8th Cir. 2000).  However, "[i]n either case-whether granting a treating physician's opinion substantial or little weight-the Commissioner or the ALJ must give good reasons for the weight apportioned." Andrews v. Colvin, 791 F.3d 923,  928 (8th Cir. 2015),

Based upon the foregoing, the Court finds this matter should be remanded to the ALJ in order for him to address what weight, if any, he gives to the opinions of the treating,

examining, and non-examining physicians relating to Plaintiff's physical impairments, and to re-evaluate his RFC.

**IV.     Conclusion**:

**IV.     Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, reverses and remands this matter to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. §405(g).

IT IS SO ORDERED this  18th day of March, 2016.


/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE